IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Hannah M.<br><br>                 Plaintiff,<br><br>v.<br><br>Martin J. O'Malley<br>Commissioner of Social Security,<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-692 DBP<br><br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Hannah M.[1] appeals the denial of her application for disability benefits under the Social Security Act. After careful consideration of the written briefs and the record, the court concludes oral argument is not necessary. Based upon the analysis set forth herein, the court affirms the Commissioner's decision.[2]

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income on April 3, 2020, alleging disability beginning January 1, 2015.[3] She alleges disability due to arthritis, bone spurs, plantar fasciitis, tendonitis, restless leg syndrome, anxiety, depression, and lower back pain.[4] After the initial denial of her application, Plaintiff appeared before an Administrative Law Judge (ALJ). In following the five-step sequential evaluation process for determining

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case consented to the undersigned conducting all proceedings, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit.

[3] Tr. 207-08. Tr refers to the record in this matter.

[4] Tr. 221.

disability,[5] the ALJ found Plaintiff had the severe impairments of lumbar degenerative disc disease, obesity, osteoarthritis of the right knee, left Achilles tendinosis, left plantar fasciitis, hypertension, depression, and anxiety.[6] The ALJ found Plaintiff had the residual functional capacity (RFC) to perform sedentary work with additional restrictions.[7] Next, the ALJ found Plaintiff could not perform any past relevant work, but based on the record and the testimony of a vocational expert, she could perform other jobs such as a final assembler, printed circuit board assembler, and order check. Accordingly, Plaintiff was not disabled.

Plaintiff appealed the adverse ruling, and the Appeals Council denied Plaintiff's appeal, making the ALJ's decision final for purposes of judicial review.[8] Plaintiff then filed the current complaint seeking review of the Commissioner's final decision.[9]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[10] The term "substantial evidence" is a term of art and under this standard, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."[11] Further, "whatever the

---

[5] *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016) ("The Social Security Administration has established a five-step process for consideration of disability claims"); 20 CFR 416.920(a).

[6] Tr. 37.

[7] The ALJ found Plaintiff had the following additional limitations: "occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, crouch, kneel, or crawl; occasional exposure to moving, mechanical parts; occasional operating of a motor vehicle; occasional exposure to unprotected heights; and able to perform routine and repetitive tasks." Tr. 40.

[8] *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[9] ECF No. 19.

[10] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[11] *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency [in reviewing Social Security decisions] is not high."[12] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13]

As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'"[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16] However, the federal "harmless error" statute, 28 U.S.C. § 2111, instructs courts to review cases for errors of law disregarding errors that do not affect the parties' substantive rights.[17] The intent behind this statute is to "prevent appellate courts from becoming 'impregnable citadels of technicality.'"[18] "[M]erely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting [its] review, [the court] should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier [the court's] task; but [the court] cannot insist on technical perfection."[19]

---

[12] *Id.*

[13] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[14] *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

[17] *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

[18] *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 759 (1946)).

[19] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## DISCUSSION

On appeal Plaintiff raises two issues. Plaintiff first contends the ALJ should have included moderate limitations in adapting and managing herself, along with managing her stress levels, in the RFC. Second, Plaintiff asserts the ALJ erred by failing to create both an accurate and logical bridge between the functional limitations found in step 4 and her RFC. The court finds neither argument persuasive.

### I.        The ALJ did not err in formulating Plaintiff's mental RFC.

At step two of the required sequential analysis, the ALJ found Plaintiff has the severe impairments of depression and anxiety among other severe impairments.[20] In determining whether Plaintiff's impairments, considered individually or in combination, met listing 12.04 and 12.06 at step three of the analysis, the ALJ analyzed the paragraph B criteria.[21] "To satisfy the 'paragraph B' criteria, … mental impartments must result in one extreme limitation or two marked limitations in a broad area of functioning."[22] The ALJ found plaintiff has moderate limitations in understanding, remembering or applying information, concentrating, persisting or maintaining pace, and in adapting or managing herself. In the analysis, the ALJ specifically cited to the record stating Plaintiff's "medical records acknowledge the [Plaintiff] as complaining of difficulties with managing stress, although her mental status functioning remained largely intact. Nonetheless, the [ALJ] has determined to provide a moderate restriction in this area, to address the [Plaintiff's] allegations."[23]

---

[20] Tr. 37.

[21] Listing 12.04 is for depressive, bipolar, and related disorders. Listing 12.06 pertains to anxiety and obsessive-compulsive disorders. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

[22] Tr. 39.

[23] Tr. 39.

Plaintiff points to the last finding of moderate limitations—in adapting or managing oneself—arguing the ALJ did not account for these limitations in the RFC. The RFC provides that Plaintiff can perform "routine and repetitive tasks", which according to Plaintiff, does not account for her moderate limitations. Plaintiff cites to *Groberg v. Astrue*,[24] in support of her argument. In *Groberg*, the Tenth Circuit stated a "limitation to 'simple work' or 'unskilled jobs' is generally insufficient to address a claimant's mental impairments"[25] Plaintiff's arguments are unavailing. First, the ALJ's findings regarding moderate limitations were made at step 3, and the Tenth Circuit has held there is a difference between paragraph B criteria findings and the subsequent RFC.[26] "The social security ruling on assessing a claimant's RFC cautions that '[t]he adjudicator must remember that the limitations identified in the 'paragraph B'... criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.'"[27] The *Groberg* case, while instructive, is unpersuasive here because in that case the ALJ failed to find any severe mental impairments at step two, or adequately consider mental impairments in subsequent steps. The ALJ here found both depression and anxiety as severe impairments at step two. And the ALJ considered Plaintiff's mental condition in subsequent steps.

Plaintiff also takes issue with the ALJ's findings at step 4 arguing they are linked to the errors at step 3. This simply isn't the case. The ALJ limited Plaintiff to simple,

---

[24] 505 F. App'x 763 (10th Cir. 2012).

[25] *Id.*at 770 (quoting *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10ht Cir. 2012)).

[26] *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013) ("The ALJ was under no obligation to include limitations in social functioning in Ms. Beasley's RFC based solely on his finding that she had "moderate difficulties" in social functioning as part of the distinct step-three analysis.").

[27] *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015).

routine, repetitive tasks, and specifically stated that she was giving Plaintiff "every benefit of the doubt", by discounting medical opinions that opined Plaintiff had "no severe mental impairments."[28] An "administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity."[29] And here, the ALJ's limitation to "sedentary exertion, with postural restrictions" accommodates Plaintiff's mental limitations. Contrary to Plaintiff's assertions, the ALJ built a logical bridge between her limitations and the RFC in constructing a narrative based on the evidence of record, in essence "showing your work."[30]

Plaintiff's first assigned error is rejected.

## II.   There was no error in the ALJ's determination that Plaintiff could sit six hours per day.

In determining Plaintiff's RFC, the ALJ considered the assessment of two State medical consultants. The ALJ noted Navjeet Singh, M.D., opined Plaintiff was limited to siting up to four hours in an eight-hour workday.[31] Yet, in the record, Dr. Singh actually opined Plaintiff could sit for "[a]bout 6 hours in an 8-hour workday."[32] The second consultant, Kendrick Morrison, M.D., also opined Plaintiff could sit for "[a]bout 6 hours in an 8 hour workday."[33] The ALJ found both opinions partially persuasive finding that "while the postural limitations suggested are consistent with the medical findings, some

---

[28] Tr. 44.

[29] *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016).

[30] *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017) (emphasizing the importance of "[r]eaching a decision in a well-reasoned and documented fashion" and admonishing ALJs to "[s]how your work.").

[31] Tr. 43, 80.

[32] Tr. 80.

[33] Tr. 43, 101.

greater exertional limitations are appropriate."[34] Plaintiff argues this language suggests even more restrictive sitting limitations than those found by the medical consultants. In response, Defendant argues the ALJ committed a scrivener's error in recoding Dr. Singh's opinion as sitting up to four hours, rather than the correct six hours in the record. Thus, according to Defendant, the court should find the ALJ simply misstated the prior administrative finding related to sitting.

This circuit has applied the principle of harmless error "in social security disability cases, though not always by name and without settling on a definitive characterization of its precise contours and range of application in this somewhat unique, nonadversarial setting."[35] For example, "certain technical errors were 'minor enough not to undermine confidence in the determination of th[e] case.'"[36] And, an "'ALJ's conduct, although improper, d[id] not require reversal' because the procedural impropriety involved had not 'altered the evidence before the ALJ.'"[37] Importantly, in none of these cases did court's hold an "ALJ's failure to make a dispositive finding of fact harmless on the basis that the missing fact was clearly established in the record."[38]

Here the ALJ limited Plaintiff to sedentary work in the RFC. In sedentary work, sitting would generally total about 6 hours of an 8-hour workday.[39] Being able to sit for

---

[34] Tr. 44.

[35] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

[36] *Id.* (quoting *Gay v. Sullivan*, 986 F.2d 1336, 1341 n.3 (10th Cir. 1993)).

[37] *Id.* (quoting *Glass v. Shalala*, 43 F.3d 1392, 1396–97 (10th Cir.1994)).

[38] *Id.*; *Poppa v. Astrue*, 569 F.3d 1167, 1172 (10th Cir. 2009) (concluding that the ALJ's incorrect reference for the dates of the claimant's surgeries "was a mere scrivener's error and did not affect the outcome of the case"); *cf. United States v. Collins*, 575 F.3d 1069, 1073 (10th Cir. 2009) ("A harmless error is one that does not have a substantial influence on the outcome of the trial; nor does it leave one in grave doubt as to whether it had such effect." (citations and quotations omitted)).

[39] SSR 96-9P.

only 4 hours in an 8-hour workday would prevent sedentary work. However, the court agrees with Defendant that the ALJ made a scrivener's error in recording Dr. Singh's opinion. Thus, Plaintiff's argument that she should be restricted to even less than 4 hours of sitting based on the ALJ's findings is flawed as it relies on the scrivener's error.

Further, the court is not persuaded that the ALJ's finding of "greater exertional limitations" equates to a sitting requirement of less than 6 hours. Plaintiff omits the ALJ's entire finding that notes a distinction between postural limitations—such as sitting and standing—and exertional limitations. The ALJ found "while the postural limitations suggested are consistent with the medical findings, some greater exertional limitations are appropriate."[40] Plaintiff conflates postural limitations with exertional limitations and the ALJ treated these differently. Others in the record, such as the State medical consultants, also treated them as separate considerations. This argument fails.

## CONCLUSION AND ORDER

For the reasons stated above, the Commissioner's decision is AFFIRMED.[41]

IT IS SO ORDERED.

DATED this 30 January 2024.

Dustin B. Pead
United States Magistrate Judge

---

[40] Tr. 44.

[41] Plaintiff's motion is denied. ECF No. 19.